UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE BENAVIDES, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                    Plaintiff,<br><br>    -against-<br><br>VERDI EQUITIES, INC., and R.G.G. ENTERPRISES, INC., and GIUSEPPE "JOE" ROCCO, individually, and JOHN SACCO, individually, and ROCCO SACCO, individually,<br><br>                    Defendants. | **COMPLAINT**<br><br>**Docket No.:** 20-cv-00850<br><br>Jury Trial Demanded |

JOSE BENAVIDES ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against VERDI EQUITIES, INC. ("Verdi's of Queens"), and R.G.G. ENTERPRISES, INC. ("Verdi's of Westbury"), (both entities, together where appropriate, as "Verdi's" or "the Restaurant"), and GIUSEPPE "JOE" ROCCO, individually, and JOHN SACCO, individually, and ROCCO SACCO, individually, (all, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF CASE**</u>

1.      This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers pay their employees an additional one hour's

pay at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiff previously worked and currently works for Defendants - - two corporate entities that together operate two restaurants in Queens and Westbury as a single business entity, as well as three of the entities' owners and day-to-day overseers - - as a cook, first from March 2010 to May 26, 2019, and then again from June 20, 2019 to present.  As described below, throughout both periods of his employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action, with the exception of the period from May 27 to June 19, 2019 during which Plaintiff was not employed with Defendants ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, during at least the Relevant Period, Defendants routinely required and require Plaintiff to work beyond forty hours in a workweek, but paid and continue to pay him a flat weekly salary regardless of how many hours he works in a week, which operates by law to cover only his first forty hours of work in a week.  Thus, Defendants failed and continue to fail to compensate Plaintiff at any rate of play, let alone at the statutorily required overtime rate for any hours that Plaintiff worked and works per week in excess of forty, in violation of the FLSA's and the NYLL's overtime provisions.

3.      Defendants also failed and continue to fail to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when his spread of hours exceeds ten during a given day from beginning to end, as the NYLL and the NYCRR require.

4.      Additionally, Defendants failed and fail to provide Plaintiff with accurate wage statements on each payday, or with any accurate wage notice at the time of his re-hire on June 20, 2019, let alone an accurate one, both as the NYLL requires.

5.      Defendants paid and treated all of their non-managerial back of the house employees in this same manner.

6.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9.     At all relevant times herein, Plaintiff worked and works for Defendants in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.     At all relevant times herein, Verdi's of Queens was and is a New York corporation with a principal place of business located at 149-58 Cross Island Parkway, Whitestone, New York 11357.

11.     At all relevant times herein, Verdi's of Westbury was and is a New York corporation with a principal place of business located at 680 Old Country Road, Westbury, New York 11590.

12.     At all relevant times herein, Defendants Giuseppe "Joe" Rocco, John Sacco, and Rocco Sacco were and are the owners and day-to-day managers of Verdi's of Queens and Verdi's of Westbury.  In their respective capacities, Giuseppe "Joe" Rocco, John Sacco, and Rocco Sacco personally manage and oversee the day-to-day operations of both Verdi's of Queens and Verdi's of Westbury, and were and are ultimately, together, responsible for all matters with respect to determining employees' rates and methods of pay and hours worked.  Furthermore, Defendants Giuseppe "Joe" Rocco, John Sacco, and Rocco Sacco had and have the power to hire and fire and approve all personnel decisions with respect to Verdi's of Queens and Verdi's of Westbury's employees.  Defendants Giuseppe "Joe" Rocco, John Sacco, and Rocco Sacco were and are also all responsible for maintaining employment records for all of Verdi's of Queens and Verdi's of Westbury's employees, including Plaintiff.

13.     At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Verdi's of

4

Queens and Verdi's of Westbury's qualifying annual business both exceeded and exceeds $500,000.00, and Verdi's of Queens and Verdi's of Westbury were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees and operated and operate a business that purchased and purchases, and sold and sell food products that have moved across state lines, such as chicken, beef, rice, and grains, accept payments in cash that has naturally moved across state lines, and accepted and accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects both Verdi's of Queens and Verdi's of Westbury to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants in the back of the house, in roles such as cook and kitchen helper, and who were paid on a salary basis, and who consent to file a claim to recover overtime compensation and liquidated damages that is legally due to them ("FLSA Plaintiffs").

15.     Defendants treated and treat Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed and perform similar tasks, as described in the "Background Facts" section below; (2) were and are subject to the same laws and regulations; (3) were and are paid in the same or similar manner; (4) were and are required to work in excess of

forty hours in a workweek; and (5) were and are not paid the required one and one-half times their respective regular rates of pay for all hours worked in a workweek in excess of forty.

16.     At all relevant times herein, Defendants were and are aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

17.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

22.     The Restaurant is an enterprise consisting of at least two entities, Verdi's of Queens and Verdi's of Westbury, that operate as a single business enterprise engaged in the activity of operating restaurants serving Italian fare at two separate locations.  The Restaurant has centralized control of business and labor of operations as Verdi's of Queens is responsible for paying all of the Restaurant's employees regardless of the location at which the employees worked.  The Restaurant also has common ownership and management as Verdi's of Queens and Verdi's of Westbury are both owned and managed by Defendants Giuseppe "Joe" Rocco, John Sacco, and Rocco Sacco.  The Restaurants share and intermingle employees as Plaintiff worked for Defendants at both locations during his employment period.

23.     Plaintiff worked for Defendants in the back of the house as a cook at the restaurants from approximately March 2010 to May 26, 2019, and then again from June 20, 2019 to date, at the Westbury location.

24.     In this role, as its name suggests, Plaintiff's main duties consisted of cooking and preparing meals for service upon Verdi's patrons according to their food orders.

25.     Throughout at least the Relevant Time Period, Defendants required Plaintiff to work six days per week, from 11:00 a.m. until 6:30 p.m. on Tuesdays through Thursdays, and from 10:00 a.m. until 11:00 p.m. on Fridays through Sundays, without scheduled or uninterrupted breaks during his shifts.  Thus, Defendants required Plaintiff to work, and Plaintiff did routinely work, sixty-one and one-half hours per week.

26.     For his work, from the at least the beginning of the Relevant Period to May 26, 2019, Defendants paid Plaintiff a weekly salary of $991.00, $600.00 in cash and $391.00 by check. Then, upon his re-hire on June 20, 2019 and continuing through the present, Defendants paid and pay Plaintiff a weekly salary of $941.00, $600.00 in cash and $341.00 by check.  At no time during the Relevant Period have Defendants paid Plaintiff at any rate of pay for any hours that Plaintiff has worked in a week in excess of forty, and thus not as his overtime rate of first $36.16 and currently $35.25.

27.     As an example, during the week of March 25 through March 31, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without permitting him to take a scheduled or uninterrupted break during any shift:

Monday, March 25, 2019: Off;

Tuesday, March 26, 2019: 11:00 a.m. until 6:30 p.m.;

Wednesday, March 27, 2019: 11:00 a.m. until 6:30 p.m.;

Thursday, March 28, 2019: 11:00 a.m. until 6:30 p.m.;

Friday, March 29, 2019: 10:00 a.m. until 11:00 p.m.;

Saturday, March 30, 2019: 10:00 a.m. until 11:00 p.m.;

Sunday, March 31, 2019: 10:00 a.m. until 11:00 p.m.

Thus, Plaintiff worked a total of sixty-one and one-half hours during this week.  For his work during this week, Defendants paid Plaintiff his weekly salary of $991.00, and thus did not pay Plaintiff at any rate for any hours that Plaintiff worked during this week over forty.

28.     Additionally, throughout his employment, Plaintiff regularly worked and continues to work three shifts per week in which the spread of hours from the beginning of his shift to the end exceeded and exceeds ten, including for March 29, March 30, and March 31, 2019 as described in the prior paragraph.  However, for his work on those days, Defendants failed and continue to fail to compensate Plaintiff with an additional hour's pay at the minimum wage rate.

29.     Defendants paid and pay Plaintiff by a combination of check and cash on a weekly basis.

30.     On each occasion when they paid and pay Plaintiff, Defendants failed and fail to provide Plaintiff with a wage statement that accurately contains, *inter alia*, his actual hours worked for that week, his gross and net wages for that week, or his overtime rate of pay for all hours worked.

31.     Additionally, Defendants failed to provide Plaintiff with any wage notice at the time of his re-hire on June 20, 2019, let alone one that accurately contained, *inter alia*, his rate of pay, the regular payday designated by the employer, the name of his employer, and the employer's physical address.

32.     Defendants treated and treat Plaintiff and FLSA Plaintiffs in the same manner described herein.

33.    Defendants acted and act in this manner to maximize their profits and minimize their labor costs and overhead.

34.    Each hour that Plaintiff and FLSA Plaintiffs worked and work was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

35.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

37.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

38.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

39.    Defendants willfully violated the FLSA.

40.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

42.     Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

44.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

45.     As also described above, Plaintiff, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

46.     Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47.     Plaintiff, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

48.     Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

50.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

51.     As also described above, Plaintiff, and any FLSA Plaintiff who opts into this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

52.     Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

53.     Plaintiff, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

54.     Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

56.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

57.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts into this action, with wage statements that accurately contained the criteria that the NYLL requires.

58.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

59.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

60.     Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

62.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

63.     As also described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff who opts into this action, with any wage notice at their time of hire or re-hire, let alone a wage notice that accurately contained all of the criteria that the NYLL requires.

64.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00.

65.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

66.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.      Pre-judgment and post-judgment interest, as provided by law; and

j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        February 17, 2020

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        655 Third Avenue, Suite 1821
                                        New York, New York 10017
                                        (212) 679-5000

                        By:     _____
                                        JEFFREY R. MAGUIRE (JM 4821)
                                        ALEXANDER T. COLEMAN (AC 8151)
                                        MICHAEL J. BORRELLI (MB 8533)